**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Wright, Darrell, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Howard Lee Schiff; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Wright, Darrell, by undersigned counsel, states as follows:

**JURISDICTION**

1.    This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4.    The Plaintiff, Wright, Darrell ("Plaintiff"), is an adult individual residing in Brockton, MA, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Howard Lee Schiff ("Howard"), is a Connecticut business entity with an address of 510 Tolland Street, PO Box 280245, East Hartford, CT 06108, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Howard and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Howard at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     A financial obligation (the "Debt") was incurred to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Howard for collection, or Howard was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Howard Engages in Harassment and Abusive Tactics

12.    The Debt in question is not owed by the Plaintiff.

13.    Despite numerous requests for validation of the Debt, the Defendants have failed to provide the Plaintiff with information regarding the original creditor; it's name, the amount incurred, where it was incurred,

14.     The Defendants filed an action in Massachusetts state court seeking to recover on the Debt.

15.     In that action, the Defendants failed to serve the Plaintiff with a summons and complaint as required under Massachusetts law.

16.     The Defendants then sought a default judgment on the basis of the Plaintiff's failure to respond to their complaint.

17.     Once the default was secured, the Defendants moved the court to garnish the Plaintiff's wages.

18.     The Defendants then garnished the Plaintiff's wages, causing overdraft and late fees on his bank account.

19.     In response, the Plaintiff successfully petitioned the court to overturn the judgment and garnishment order on the grounds the Defendants failed to properly serve him with a summons and complaint.

20.     Following the dismissal by the court, the Defendants refiled their action against the Plaintiff.

21.     To date, the Defendants have not provided the Plaintiff with information regarding the original creditor or how the Plaintiff incurred the debt the Defendants maintain he owes.

22.     The original default judgment – now dismissed – still appears on the Plaintiff's credit report and has not been marked as disputed.

## C. <u>Plaintiff Suffered Actual Damages</u>

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

26.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.    The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

28.    The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants failed to report that the Debt was disputed to the credit bureaus.

29.    The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30.    The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

31.    The Defendants' conduct violated 15 U.S.C. § 1692f(5) in that Defendants caused charges to be made to the Plaintiff.

32.    The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

36.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

37.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

40.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

41.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts.

5

42.     All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT III
## COMMON LAW FRAUD

43.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Massachusetts.

45.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 22, 2010

Respectfully submitted,

By /s/ Sergei Lemberg
Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff